SAMUEL J. ESTEN *et al. vs.* JOHN H. JACKSON.

Knox.· Decided June 7, 1878.

*Equity.*

A court of equity will not compel the debtor or his grantee to convey to the creditor land levied upon in order to make available a levy which is not conformable to the statute.

BILL IN EQUITY, alleging that the defendant brought a writ of entry to recover certain premises in Knox county against the plaintiffs, now pending ; that the premises formerly belonged to Brown, now deceased ; that Brown conveyed them to Tolman, October 12, 1855, from whom the defendant derived his title ; that Sidelinger, Hammond, Wood & Son, Harrington, and Burpee, having claims against Brown, brought suits and each recovered judgment against him, October term, 1856, upon which executions were issued and levied upon these premises ; that the creditors conveyed to Sleeper and he to the plaintiffs, June 13, 1868, who then took possession and retained it ; that action was commenced by one Morse, in 1865, against Sleeper, in which it was decided that the levies of Wood & Son, Harrington, and Burpee were invalid, because no reason was assigned for levying upon · undivided shares, and Hammond's share was invalid because it did not appear by whom one of the appraisers was chosen ; that the original executions of Wood & Son, Harrington, and Burpee cannot be found, so that plaintiffs are unable to have an amendment of these levies made, but that Hammond's levy is on file ; that the officer who made the levies is ready to amend them so as to make them all valid, but that in the case of the three levies where the executions are lost, they cannot be amended, and that the plaintiffs are therefore unable to perfect their title.

The plaintiffs further alleged that the deed from Brown to Tolman was without consideration and void as to Brown's creditors ; that Joseph Jackson had knowledge of it when he received his deed from Tolman, and that the defendant had knowledge of the same fact when he received his deed.

The prayer was that the defendant be restrained from prosecut-

ing his action at law, and that he be compelled to convey the premises to the plaintiffs.

The defendant demurred; and the plaintiffs joined in the demurrer.

*A. S. Rice & O. G. Hall,* for the plaintiffs, argued from the following brief:

I. Jurisdiction. R. S., c. 77, § 5. Acts of 1874, c. 175. *McLarren* v. *Brewer,* 51 Maine, 402.

II. The possessory and equitable title of plaintiffs is good against the fraudulent title of defendant. *Morse* v. *Sleeper,* 58 Maine, 329. *Low* v. *Marco,* 53 Maine, 45. Same parties reversed, *Marco* v. *Low,* 55 Maine, 549. The loss of the executions alone prevents the perfecting of title of defendants; and plaintiffs ought not to be allowed to take fraudulent advantage of that casualty. Earl of Oxford's Case, embodied in 2 Leading Cases in Equity, pt. 2, p. 76. And editor's notes on same, pp. 85, 86, 87, 97, 101, 109.

III. Plaintiffs are entitled to a release from defendant, and to the remedies specifically enumerated in the prayer of their bill.

IV. And equity is the only adequate, complete and appropriate process for their relief. See cases above cited. *Devoll* v. *Scales,* 49 Maine, 320. *Heath* v. *Nutter,* 50 Maine, 378. *McLarren* v. *Brewer,* above cited. 3 Dan. Ch. Pl. Prac. 1725 *et seq.*

*A. P. Gould & J. E. Moore,* for the defendant.

I. As to the share levied on by Sidelinger, no defect in the plaintiffs' title is alleged in the bill; as to the share levied on by Hammond, the bill alleges that the only defect in it is amendable, and that the levy is on file and the officer ready to amend it. As to these two shares, the plaintiffs having a plain defense at law to the defendant's writ of entry, a court of equity has no authority to interfere. High on Injunctions, § 63.

II. As to the other three shares, the bill has no equity. The plaintiffs mistake in assuming that a deed by one indebted, without a valuable consideration, is absolutely void as against creditors, not voidable merely. It is good against the grantor, and against his creditors unless avoided by a subsequent levy or con-

veyance. A void levy conveys nothing. A court of equity will not interfere to help a man acquire title under a void levy, even by amendment. Much less will they compel the owner of the legal title to convey the premises to a party holding a void levy without amendment. *Young* v. *McGown,* 62 Maine, 56.

The distinction between a defective deed and a defective levy, in respect to the right which the levying creditor will acquire as compared with the right acquired by the grantee, is pointed out in *Jewett* v. *Whitney,* 51 Maine, 233, 244, 245.

WALTON, J. If the court should once hold that a void levy upon real estate may be made available by compelling the debtor or his grantee to convey the land levied upon to the creditor or his grantee, we cannot doubt that the inconvenience that would result from the rule thus established would be far greater than any possible good that could ever result from it. The public statutes of the state declare how levies shall be made. To hold that these provisions may be disregarded, and yet a good title be obtained in equity, and one which, by a decree of this court, may be converted into a good title in law, would be an evasion of the statute, and so unsettle the title to real estate thus situated that its market value would be very much impaired if not destroyed. We cannot consent to establish such a precedent. The power to grant relief in such cases was virtually denied in *Young* v. *McGown,* 62 Maine, 56.

*Bill dismissed with costs for defendant.*

APPLETON, C. J., VIRGIN, PETERS and LIBBEY, JJ., concurred.